# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN, | Case No. 1:14-cv-00713-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | **THIRTY-DAY DEADLINE** |
| S. GONZALES, | |
| Defendant. | |

Plaintiff Kenneth R. Calihan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 13, 2014. He names Valley State Prison Correctional Officer S. Gonzales as the sole Defendant.

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California. The events at issue occurred while Plaintiff was incarcerated at Valley State Prison in Chowchilla, California.

Plaintiff alleges that Defendant took it upon herself to move Plaintiff into another cell. On October 8, 2013, Plaintiff told Defendant several times that he was not compatible to move. Plaintiff was moved to another cell and his property was thrown out into the hallway by two inmates in his new cell. The inmates also told Plaintiff he was not moving into their cell.

Plaintiff went to Defendant and told her about this, but she told the two inmates who threw his property to "go ahead handle your business with Calihan, but make sure to close the cell pod door." Defendant laughed and said, "Don't worry, I'll cover for you." ECF No. 1, at 3.

Plaintiff believes that Defendant was attempting to have him assaulted for her own benefit.

**C.       ANALYSIS**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, it appears that Plaintiff believes that Defendant moved him to a different cell so that he could be assaulted for her "own benefit."  ECF No. 1, at 3.  He alleges that he told Defendant that he was not compatible with his new cell mates, but she moved him nonetheless.  Defendant also told his new cell mates to "handle" their business and that she would cover for them.

However, although Plaintiff alleges that Defendant wanted other inmates to assault him, he does not allege that he was actually placed in conditions that posed a substantial risk of harm. Although the inmates threw his property into the hallway and said that they didn't want him as a cell mate, Plaintiff has not alleged that they threatened to hurt him, or that he was actually assaulted. Without such allegations, he cannot demonstrate that Defendant knew of a substantial risk of harm and failed to act.

Plaintiff's complaint therefore fails to state a claim under the Eighth Amendment.

3

## D. CONCLUSION AND ORDER

The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. **Plaintiff's amended complaint SHALL be limited to 25 pages, excluding exhibits; and**

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **November 6, 2014**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE